### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MARYLAND
### NORTHERN DIVISION

| | | |
|---|---|---|
| BERNARD J. SACHS, | ) | |
| Personal Representative of the Estate of | ) | |
| DALINDA C. BADENHOOP, Deceased, | ) | |
| and MARIEL GREENSTEIN, Individually, | ) | |
| and SANDY KLAUS, Individually, | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action No. JFM-01-CV-0152 |
| | ) | |
| v. | ) | Judge J. Frederick Motz |
| | ) | |
| | ) | |
| LORILLARD TOBACCO CO., | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S SUPPLEMENTAL REQUEST FOR JURY INSTRUCTIONS

Defendant Lorillard Tobacco Company respectfully requests that that following attached instructions be given to the jury:

- 1 -

- 2 -

## DEFENDANT'S SUPPLEMENTAL REQUEST NO. 1

In order to prevail on a theory of strict liability design defect, the plaintiffs must prove by a preponderance of the evidence that Lorillard's Kent cigarettes were unreasonably dangerous to Dalinda Badenhoop at the time they were sold to her in light of the state of medical and scientific knowledge existing at the time the asbestos-containing Kent filter was designed and manufactured between March 1952 and May 1956.

*Phipps v. General Motors Corp.*, 278 Md. 337, 344, 363 A.2d 955, 958 (1976); *Owens-Illinois, Inc. v. Zenobia*, 325 Md. 420, 432, 601 A.2d 633, 639 (1992).

## DEFENDANT'S SUPPLEMENTAL REQUEST NO. 3

In this case, the plaintiffs contend that Lorillard's original Kent cigarettes sold between March 1952 and May 1956 were defective and unreasonably dangerous because the filter contained asbestos.  The plaintiffs claim that the cigarette released respirable asbestos fibers in sufficient quantities to cause harm when smoked.

Lorillard denies that Kent cigarettes were defectively designed or unreasonably dangerous, or that the cigarettes released respirable asbestos fibers in sufficient quantities to cause harm when smoked.

A product is not unsafe or defective in design merely because it contains asbestos. An asbestos-containing product is not unsafe, and thus not defective in design, unless during normal use it releases asbestos in sufficient quantities to pose a significant risk to human health. Thus, in this case, unless the plaintiffs prove by a preponderance of the evidence that because of the design of the asbestos-containing filter used on Kent cigarettes sold between March 1952 and May 1956, asbestos was released during the smoking of such cigarettes in sufficient quantities to pose a significant risk to human health, you may not find such cigarettes unreasonably dangerous or defective in design.

*See Mayor and City Council of Baltimore v. Utica Mut. Ins. Co.,* 145 Md. App. 256, 267 n.5, 802 A.2d 1070, 1077 n.5 (2002) ("As previously recognized by this Court, 'all asbestos-containing products cannot be lumped together in determining their dangerousness.'")

Respectfully submitted,

Shook, Hardy & Bacon L.L.P.

By: _____
James E. Berger
One Kansas City Place
1200 Main Street
Kansas City, Missouri 64105-2118

Kathleen M. McDonald
Kerr McDonald, LLP
31 Light Street, Suite 400

ATTORNEYS FOR LORILLARD
TOBACCO COMPANY

A copy of the foregoing was
hand delivered this 16th day
of April 2003, to:

John Amato, IV Esq.
Goodman, Meagher & Enoch, LLP
111 N. Charles Street, 7th Floor
Baltimore, MD  21201-3892

John Herrick, Esq.
Ness Motley P.A.
28 Bridgeside Boulevard
P. O. Box 1792
Mount Pleasant, South Carolina  29465

_____
James E. Berger