IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | |
|---|---|
| BERNARD J. SACHS, Personal Representative of the Estate of DALINDA C. BADENHOOP, Deceased, et al.<br><br>Plaintiffs,<br><br>v.<br><br>LORILLARD TOBACCO COMPANY,<br><br>Defendant. | *<br>*<br>*<br>*   Civil Action No. JFM-01-CV-152<br>*<br>*<br>* |

\* \* \* \* \* \* \* \* \* \*   \* \* \* \* \* \* \* \* \*

**MEMORANDUM OF LORILLARD TOBACCO COMPANY
IN SUPPORT OF BILL OF COSTS**

Defendant Lorillard Tobacco Company ("Lorillard"), by its undersigned counsel, submits this Memorandum in support of its Bill of Costs, in accordance with Local Rule 109. As set forth below, Lorillard is entitled to the costs requested in the Bill of Costs, filed herewith along with the Declaration of undersigned counsel. All of those costs are allowable under 28 U.S.C. §1920.

**Introduction**

This Court entered judgment on the jury's verdict in favor of Lorillard on April 30, 2003. Pursuant to Rule 54(d), Lorillard, as the "prevailing party" in this litigation, is entitled to an award of costs allowable under 28 U.S.C. §1920. *Advance Business Systems & Supply Company*, 287 F. Supp. 143, 162 (D. Md. 1968)(Thomsen, J.). Such costs are

allowable "as of course" to the prevailing party, F.R.C.P. 54(d), and Plaintiffs bear the burden of demonstrating that Lorillard is not entitled to the costs claimed. *M.T. Bonk v. Milton Bradley Co.*, 945 F. 2d 1404, 1409 (7th Cir. 1991), *citing Congregation of the Passion v. Touche, Ross & Co.,* 854 F. 2d 219, 222 (7th Cir. 1988).

Lorillard seeks an award of costs, under Rule 54(d) and §1920, in the following categories: (1) filing fees paid to the Clerk in this action; (2) fees of the court reporter for depositions and for daily trial transcripts; (3) fees for exemplification and copies of papers, including trial exhibits and enlargements of trial exhibits, and (4) the fees charged by a Spanish/English translator to translate Argentinian documents used as exhibits at trial. All of these expenses are itemized in Exhibit A, are taxable costs under 28 U.S.C. §1920, and are well-within this Court's "broad discretionary authority" in ruling on trial costs. *Simmons v. O'Malley*, 253 F. Supp. 2d 442, 443 (D. Md. 2002)(Blake, J.), *citing Charter Medical Corp. v. Cardin*, 127 F.R.D. 111, 113 (D. Md. 1989).

    1.    ***Fees of the Clerk*** - Lorillard claims as part of its taxable costs the fee paid to the Clerk as the filing fee for the Notice of Removal filed in this action on July 17, 2001, in the amount of $ 150.00, the usual fee for such a filing in this District. Such filing fees are routinely taxable as costs under the plain language of 28 U.S.C. §1920(1).[1] *See*

---

[1] Because of the passage of time and the substitution of Lorillard's undersigned counsel, Lorillard cannot attach any documentation of this cost. However, the Clerk would not have permitted the Notice to be filed without payment of the filing fee.

2

*Simmons v. O'Malley*, 253 F. Supp. 2d 442, 443 (D. Md. 2002)(Blake, J.) (allowing filing fee as taxable cost).

    2.    ***Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case*** - Lorillard is seeking an award of costs for fees of the court reporter for stenographic transcripts in two areas: (1) such costs in connection with depositions taken in this case of Dalinda Badenhoop, Calvin Cibils, Jane Goldseker and Mark Rigler.[2], and (2) such costs in connection with the daily transcripts obtained throughout the trial, which commenced on April 14, 2003 and concluded on April 29, 2003. These costs are itemized in the invoices attached to the Bill of Costs as Exhibits A(1)(deposition transcripts) and A(2)(daily trial transcripts).[3]

As to the cost of the deposition transcripts, Dalinda Badenhoop was the lead plaintiff in this case until her death, and her deposition testimony was read to the jury extensively during the trial. Mr. Cibils and Ms. Goldseker were identified, after Dalinda Badenhoop's depositions were completed, as witnesses with knowledge about Dalinda

---

[2]    Ms. Badenhoop was the plaintiff in this case until her death, Mr. Cibils and Ms. Goldseker were witnesses called at trial by Plaintiffs, and Mark Rigler was identified by Plaintiffs, shortly before trial, as a potential trial expert.

[3]    As noted on the Bill of Costs, Lorillard anticipates that it will receive an additional invoice from Walls Reporting, Inc., over and above the $5,000 already billed to and paid by Lorillard for copies of the daily transcripts of the afternoon trial sessions. Lorillard will supplement its Bill of Costs as soon as it receives that additional invoice. Mary Zajac, who transcribed the morning trial sessions, submitted a bill, separate and apart from that submitted by Walls Reporting, in the amount of $9,163.18. Thus, at present, Lorillard has incurred costs for daily transcripts in the amount of $14,163.18, and anticipates an additional invoice from Walls Reporting.

Badenhoop's smoking history in Argentina in the 1950's and as "product identification" witnesses. Both of them testified at trial.[4] Mr. Rigler was identified by Plaintiffs as a potential trial expert shortly before trial, requiring his deposition, particularly in the absence of any written report from Mr. Rigler, although Plaintiffs did not actually call him to testify.

The transcripts of each of these depositions were "necessarily obtained for use in the case," within the meaning of 28 U.S.C. §1921(2). The fact that Plaintiffs chose not to call Mr. Rigler does not destroy Lorillard's right to have his deposition taxed as costs. The cost of a deposition is recoverable, even if the witness did not testify or the transcript was not used at trial, if, at the time the deposition was taken, it was reasonably necessary to the litigation. *Simmons*, 253 F. Supp. 2d at 443, *citing LaVay Corp. v. Dominion Federal Savings & Loan Ass'n*, 830 F. 2d 522, 528 (4th Cir. 1987); *Finchum v. Ford Motor Company*, 57 F. 3d 526, 534 (7th Cir. 1995). Clearly, the depositions of Ms. Badenhoop, Mr. Cibils, Ms. Goldseker and Mr. Rigler were all reasonably necessary to this litigation.

As to the costs of daily trial transcripts, trial of this case lasted more than two weeks, hundreds of exhibits were introduced by both parties, the issues, including medical and scientific issues, were complex, and the daily transcript minimized disputes between the parties and allowed counsel to eliminate or dramatically streamline

---

[4] The issue of whether Mrs. Badenhoop actually smoked Lorillard's Kent cigarettes during the period 1952-1956 was hotly contested at the trial of this case.

evidentiary and legal issues and disputes, thereby saving the time and resources of the court, the jury, the witnesses and counsel. Accordingly, Lorillard is entitled to costs for the expenses of those daily transcripts because they were "necessarily obtained for use in the case." *Advance Business Systems & Supply Company v. SCM Corporation*, 287 F. Supp. 143, 162-63 (D. Md. 1968)(allowing daily trial transcripts as taxable costs under §1920(2)); *Charter Medical Corporation v. Cardin*, 127 F.R.D. 111, 112 (D. Md. 1989)(Harvey, J.)(awarding daily transcript expense as cost); *United States v. Davis*, 87 F. Supp. 2d 82 (D.R.I. 2000) (taxing as part of costs the daily trial transcripts); *Intermedix v. Ventritex, Inc.*, 1993 WL 515879 (N.D. Ca. 1993)(taxing as costs the expense of daily trial transcripts).

     3.    ***Fees for exemplification and copies of papers necessarily incurred for use in the case -*** Lorillard seeks an award of costs incurred for exemplification and copies, in accordance with 28 U.S.C. §1920(4). Those fees are itemized in Exhibit A(3)(exemplification of exhibits and demonstrative aids used at trial)[5] and in Exhibit A(4)(other copies necessarily obtained for use in the case).

As to exemplification of exhibits, Lorillard extensively used at trial enlargements of its exhibits, as well as other enlargements of prior testimony, demonstrative aids and charts. All of these enlargements assisted in the jury's understanding of the issues and

---

[5] There is no separate bill for the 25 enlargements for which Lorillard is seeking reimbursements. However, all of the approximately 200 enlargements obtained by Lorillard were billed at the same cost, $101.00 per enlargement.

eliminated the need to publish the exhibits and other materials to the jurors individually, which, in a trial of this magnitude and with so many exhibits, would have dramatically increased the length of the trial. Indeed, counsel for Plaintiffs regularly used the enlargements made by Lorillard in its presentations to the jury during trial. The costs of such enlargements are within the scope of taxable costs in 28 U.S.C. §1920(4). *Soler v. McHenry*, 771 F. Supp. 252, 256 (N.D. Ill. 1991); *Pinshaw v. Monk*, 565 F. Supp. 44, 46 (D. Mass. 1983); 10A C. Wright, A. Miller & M. Kane *Federal Practice and Procedure: Civil 3d* § 2677 at 453-58 (Explaining that the cost of preparing a wide variety of papers and physical exhibits has been allowed under §1920).[6] However, although Lorillard enlarged approximately 200 trial exhibits, deposition pages and other documents, at a cost of $101.00 per enlargement, Lorillard is actually seeking to recover only the cost of the 25 enlargements used in the cross-examinations of Plaintiffs' experts Samuel Hammer, M.D., and Jerrold Abraham, M.D. The $2,525.00 expense of those enlargements is only slightly more than 10% of the total costs of the exhibits and other documents enlarged by Lorillard. Alternatively, Lorillard enlarged more than 25 of the trial exhibits and showed

---

[6] Lorillard is also entitled to recover as costs the expenses of copying exhibits and other documents actually used at trial, and such costs are routinely awarded to the prevailing party under §1920(4). *Intermedix v. Ventritex, Inc.*, 1993 WL 515879 (N.D. Ca. 1993). Although Lorillard was required to copy large numbers of documents in connection with the trial, Lorillard is not seeking to recover those costs in its Bill of Costs. Nor is Lorillard seeking to recover the cost of copies for the many other papers and pleadings filed or served in the case, or the costs of copying documents to respond to Plaintiffs' Rule 34 requests for production of documents, even though Lorillard would be entitled to have those amounts taxed as costs under 28 U.S.C. §1920.

those enlargements to the jury at many points during the case. Should the Court determine, in its discretion, not to award Lorillard's request for the costs of the 25 enlargements used during the Hammar and Abraham cross-examinations, then Lorillard would ask that the same amount be taxed as costs for the expense of enlarging 25 of the trial exhibits.

With respect to the costs of other documents necessarily obtained for use in the case, Lorillard was required to obtain copies of thousands of documents for which it would be entitled to an award of costs. However, the only such costs which Lorillard is seeking to recover are the costs of copying the various motions *in limine* filed by Lorillard in this case, and of the reply memoranda associated with those motions *in limine*. The motions *in limine* and replies totaled 886 pages and required two sets of copies, one for the court and one for Plaintiffs' counsel, at .10 per page, for a total of $177.20, a minuscule fraction of the total copying costs for which Lorillard could properly claim as taxable costs in this case. The filing of those motions, and the Court's pretrial resolution of them, dramatically streamlined the presentation of evidence at trial.

4. ***Compensation for interpreter*** - Lorillard seeks costs for the $4,834.72 in compensation it paid to Johnnie L. Benningfield, II, a Spanish translator certified by this Court, and whose services were retained after his name was provided by the Office of the Clerk of this Court. Mr. Benningfield translated, from Spanish to English, advertisements from the 1950's that appeared in *Clarin* and *La Nacion*, Argentinian

newspapers, which advertisements were introduced by Lorillard as exhibits at trial.[7]  Mr. Benningfield also translated Argentinian trademark documents, also introduced by Lorillard as exhibits at trial.  Had the documents not been translated they could not have been meaningfully used as exhibits at trial. Furthermore, the use of Mr. Benningfield's services, and his reliability as a translator, were agreed to by counsel for Plaintiffs before Mr. Benningfield was retained.  Lorillard is entitled to recover the compensation paid to him, under 28 U.S.C. §1920(6).  *Quy v. Air America, Inc.*, 667 F. 2d 1059, 1065 (D.C. Cir. 1981); *Bonilla v. Trebol Motors* Corporations, 1997 WL 178861, *15 (D. P.R. 1997), *rev'd on other grounds*, 150 F. 3d 88 (1st Cir. 1998); *Oetiker v. Jurid Werke*, 104 F.R.D. 389, 393 (D. D.C. 1985)[8]; *Lockett v. Hellenic Sea Transports, Ltd.*, 60 F.R.D. 469, 472-73 (E.D. Pa. 1973).

## Conclusion

For the reasons set forth above, and in the Bill of Costs submitted herewith, Lorillard Tobacco Company seeks an award of costs, pursuant to Federal Rule 54(b) and 28 U.S.C. §1920, in the amount shown on the Bill of Costs.

---

[7]  Some of those translations were also used in closing argument by Plaintiffs' counsel.

[8]  The *Oetiker* court found that translations of foreign patents in that case were taxable on two separate grounds, either as "exemplifications" under 28 U.S.C. §1920(4), or as "compensation for interpreters," under §1920(6).  If this Court declines to tax Mr. Benningfield's compensation under §1920(6), then Lorillard requests that it be taxed as an "exemplification" of trial exhibits, under §1920(4).

                                                              */s/*
                                                            Kathleen M. McDonald
Federal Bar No. 0764
Kerr McDonald, LLP
31 Light Street, Suite 400
Baltimore, Maryland 21202
Tel.: (410) 539-2900
Fax: (410) 539-2956

Roger C. Geary
Shook, Hardy & Bacon, L.L.P.
One Kansas City Place
1200 Main Street
Kansas City, Missouri 64105
Tel.: (816) 474-6550
Fax: (816) 421-5547

Attorneys for Defendant Lorillard Tobacco Company

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 14th day of May, 2003, a copy of the forgoing Memorandum of Lorillard Tobacco Company in Support of Bill of Costs was served, either electronically or by first-class mail, on the following:

John Amato, IV, Esquire
Goodman. Meagher & Enoch, LLP
111 N. Charles Street, 7th Floor
Baltimore, MD 21201-3892

John Herrick, Esquire
Motley, Rice P.A.
Post Office Box 1792
Mt. Pleasant, SC 29464

                                            Kathleen M. McDonald

m7867