IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| BERNARD J. SACHS, Personal Representative of the Estate of DALINDA C. BADENHOOP, Deceased, *et al.* | : : | |
| Plaintiffs | : | Civil Action No.: JFM-01-152 |
| v | : | |
| LORILLARD TOBACCO COMPANY | : | |
| Defendant | : | |

. . . . . . . . . .o0o. . . . . . . . .

## ORDER

Defendant in the above captioned case seeks costs totaling $25,235.40, judgment having been entered in their favor on April 30, 2003 after a ten day jury trial. Paper No. 125. Defendant filed the Bill of Costs in a timely manner on May 14, 2003. Plaintiff has not filed an opposition to the Bill of Costs and the time for filing a notice of appeal in this case has expired. The matter is now ripe for review.

**Fees of the Clerk**

Defendant seeks a total of $150.00 for a filing fee paid in connection with the removal of Plaintiff's state court case against them. Fees of the Clerk are permitted to be taxed under 28 U.S.C. § 1920(1). In light of that fact, the **$150.00** filing fee is taxable and **shall be allowed**.

**Transcripts**

Costs totaling $17,558.48 are billed for deposition transcripts and daily trial transcripts. Paper No. 125 at p. 3. Of those total costs, $9163.18 are billed as costs for trial transcripts. The clerk may tax the cost of a trial or hearing transcript if it was needed for an appeal; it was ordered or requested by a judge; or it was prepared with agreement by the parties that the cost would be

taxed. Filing of a transcript is not sufficient to show that these criteria have been met. The only basis mentioned for the cost of the trial transcripts is Defendant's position that the trial was lengthy and review of the transcript assisted in streamlining presentation of the case. *Id*. at pp. 4–5. There is nothing in the record to indicate that the criteria set forth above were met, therefore, the cost of the trial transcripts will **not** be taxed.

To determine if a deposition expense is taxable, a district court judge must "consider the extent of actual use of each deposition and whether the taking was reasonably necessary to the party's case in light of the particular situation existing at the time of taking. It is not necessarily fatal to taxation that a deposition was not introduced or otherwise used at the trial." *See Advance Business Systems & Supply Co. v. SCM Corporation*, 287 F. Supp. 143, 165 ( D.Md. 1968), *aff'd as modified*, 415 F.2d 55 (4th Cir. 1969), *cert. denied*, 397 U.S. 920 (1970); *see also Lavay Corp. v. Dominion Fed. Sav. & Loan Ass'n*, 830 F.2d 522, 528 (4th Cir. 1987), *cert. denied*, 484 U.S. 1065 (1988). The Clerk's discretion to award costs in this jurisdiction is limited. Fees other than the actual deposition cost and sitting fees are not taxable by the Clerk. Only those costs related to depositions which were used in the event that terminated the litigation are taxable by the Clerk. The Clerk may tax the costs of depositions under Fed. R. Civ. P. 54(d) where they are necessary for the case. *See generally, Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437 (1987). Defendant seeks costs for associated with the deposition of Dalinda Badenhoop, Jane Goldseker, Mark Rigler, and Calvin Cibils. Paper No. 125 at pp. 3– 4. Each of the requested costs are reviewed below.

Dalinda Badenhoop was the Plaintiff in this case and, as a party, the cost of her deposition is taxable by the Clerk. Defendant has submitted an invoice for a deposition that took place on

January 10, 2001.  Paper No. 126 at Ex. A1.  The invoice shows that the deposition was 190 pages long and is billed at a rate of $3.00 per page for a total of $570.00.  *Id*.  The per page rate is a reasonable rate and is, therefore taxable by the Clerk; the **$570 will be allowed**.  The additional charges reflected on the same invoice for copies of exhibits and postage and handling are not taxable by the Clerk and are denied.

In addition to Ms. Badenhoop's original deposition Defendant seeks costs for a copy of a 146 page document at the rate of $1.95 per page as well as postage and handling of $12.50; and one video copy of Ms. Badenhoop's deposition at the cost of $55.00 as well as postage and handling of $12.50.  *Id*. Generally, extra copies of depositions are not taxable by the Clerk.  The cost of $297.20 for a copy of Ms. Badenhoop's deposition as well as the postage and handling charges shall, therefore, be denied.  The determination whether to tax the cost of a video deposition is made on a case by case basis.  Generally, the Clerk will not tax the costs of both a video deposition and a transcript.  In the instant case, Defendant mentions that Ms. Badenhoop died and that "her deposition testimony was read to the jury extensively during the trial."  Paper No. 125 at  p. 3.  There is no mention of either the use of the video deposition, nor for a particular need for the video taped deposition.  In the absence of that information, the cost of $67.50 for the video copy of the deposition along with the postage and handling charges will be denied.

The cost of Jane Goldseker's deposition is billed at a rate of $3.40 per page for a 120 page deposition, totaling $408.00.  Paper No. 126 at Ex. A1.  In addition, Defendant seeks $15.00 for a reading and signing fee as well as $5.75 in postage and handling fees.  *Id.*  Ms. Goldseker testified at trial and the cost of her deposition is taxable by the Clerk at a reasonable rate.  The

taxed rate of $3.40 is a reasonable rate, therefore, the cost of **$408.00 will be allowed**. The additional fees for reading and signing as well as postage and handling are not taxable by the Clerk and shall be denied.

Defendant seeks costs of $1,480.15 in connection with the deposition of Dr. Mark Rigler, an expert witness identified by Plaintiff prior to trial. *See* Paper No. 125 at p. 3. Defendant admits that Dr. Rigler did not testify at trial, therefore, the cost of his deposition is not taxable by the Clerk. In any event, the invoice submitted by Defendant does not reflect a per page rate and it can not be discerned whether the costs billed are reasonable. For these reasons the costs of $1480.15 will be denied.

Defendant seeks $476.75 in costs for the deposition of Calvin Cibils. Paper No. 125 at p. 3. The invoice submitted reflects that the deposition was 157 pages long and is billed at a per page rate of $3.00, totaling $471.00. Paper No. 126 at Ex. A1. An additional $5.75 is taxed for postage and handling. According to Defendant, Mr. Cibils testified at trial, therefore the cost of his deposition is taxable by the Clerk; the cost of **$471.00 will be allowed**. The postage and handling charges of $5.75 are not taxable by the Clerk and will be denied.

**Exemplification and Copies of Papers**

Defendant seeks costs in the amount of $2525.00 for the production of 25 of the exhibits produced by them for use during trial[1]. Paper No. 125 at pp. 5–7. Defendant explains that the cost of producing these exhibits was $101.00 per exhibit. *Id*. The exhibits are described as "enlargements of its exhibits, as well as other enlargements of prior testimony, demonstrative aids

---

[1]Defendant states that approximately 200 exhibits were produced by them for purposes of trial, but they are only seeking the costs of producing 25 of those exhibits. Paper No. 125 at p. 6.

and charts." *Id*. at p. 5. Defendant asserts that these exhibits were helpful to the jury and also used by counsel for Plaintiff during the trial. *Id*. at p. 6.

The term "exemplification" in 28 U.S.C. § 1920(4) has been quite broadly defined by the courts to include a variety of demonstrative evidence, including maps, charts, photographs, illustrations, and similar graphic aids. 6 J. Moore, W. Taggert & J. Wicker, Moore's Federal Practice ¶ 54.77[6] at 458 (2d ed. 1990). Hence, costs for copies of such exhibits may be awarded where such copies were "necessarily obtained for use in the case." *See Advance Business Systems & Supply Co. v. SCM Corporation*, 287 F. Supp. 143, 164 (Md. 1968), *aff'd as modified*, 415 F.2d 55 (4th Cir. 1969), *cert. denied*, 397 U.S. 920 (1970); *Scroggins v. Air Cargo, Inc.*, 534 F.2d 1124, 1133 (5th Cir. 1976), *reh'g denied*, 540 F.2d 1085. However, such costs are generally denied if they merely illustrate evidence otherwise adduced at trial.[2] Given the fact that the undersigned was not privy to the trial proceedings and cannot make an assessment as to the necessity of the enlargements and other exhibits for production at trial, this claim shall be denied.[3]

Defendant also seeks costs of $177.20 for copies of "various motions *in limine*" as well as the reply memoranda associated with each of the motions. Paper No. 125 at p. 7. The costs are billed at a per page rate of ten cents for 886 pages. *Id*. Photocopying fees are taxable if they relate to copies of documents used as court exhibits or to copies furnished to the court or opposing counsel

---

[2] Some circuits require that parties seek prior court approval before incurring such exemplification costs if they desire an award of such costs. *See Studiengesellschaft Kohle v. Eastman Kodak Co.*, 713 F.2d 128 (5th Cir. 1983); *Wahl v. Carrier Manufacturing Co.*, 511 F.2d 209 (7th Cir. 1975); *Euler v. Waller*, 295 F.2d 765 (10th Cir. 1961).

[3] Counsel is of course free to seek review of this ruling pursuant to Fed. R. Civ. P. 54(d)(1).

pursuant to procedural rules. In order to determine if the copies requested by Defendant are taxable, documentation detailing what documents were copied and for what purpose they were copied is required. *See Goluba v. Brunswick Corp., Mercury Marine Division*, 139 F.R.D. 652, 656 (E.D. Wis. 1991). The Clerk's authority to tax costs of copies is limited to those costs for copies which are provided to the court as exhibits or which are required to be filed with the court or served on opposing counsel. In the instant case Defendant has provided no documentation, nor do they state with any specificity, as to which motions they are referring to and, since, it can not be determined which copies of documents are being billed, the cost of $177.20 will be denied.

**Interpreter Fees**

Defendant requests costs in the amount of $4834.72 for the services of an interpreter employed to translate "from Spanish to English, advertisements from the 1950's that appeared in *Clarin* and *La Nacion*, Argentinian newspapers" which were introduced as exhibits by Defendant at trial. Paper No. 125 at pp. 7–8. Defendant seeks these costs as "compensation for interpreters" under 28 U.S.C. § 1920(6) or, in the alternative, as "exemplifications" under 28 U.S.C. § 1920(4). *Id*. at p. 8. The invoice submitted by Defendant in relation to this cost shows a cost of $2856.72 for "documentation word total 11,903 @ .24" and an additional charge of $1978.00 for "page format, design imaging, specialty research and consultation with the INPI regarding abbreviated agency jargon and in-house terminology". Paper No. 126 at Ex. A5. To the extent that these costs may be taxable, the undersigned was not present during the trial of this case and cannot make an assessment as to the necessity of the expense. Specifically, I cannot determine if the evidence adduced through the use of this interpreter was illustrative of other evidence adduced at trial. For these reasons the costs of $4834.72 will be denied.

**Conclusion**

In accordance with the foregoing costs requested by Defendant Lorillard are awarded in the total amount of $1599.00.

**DATED** this ___3rd___ day of July, 2003.

                                        Felicia C. Cannon
                                        Clerk

By:          /s/
            Frances E. Kessler
            Deputy Clerk